April 20, 2023

**VIA ELECTRONIC MAIL**
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: **Melendez v. NYC Health + Hospitals Corporation**
**22-CV-6984 (KPF)**

Dear Judge Failla:

Pursuant to the Court's Individual Rules of Practice in Civil Cases, Rule 3(B), the parties submit this joint letter in advance of the Initial Conference scheduled for April 25, 2023. Additionally, pursuant to Rule 3(B), the parties respectfully request that the Court adjourn the Initial Conference and enter the parties' Proposed Case Management Plan.

**I.   Description of the Nature of the Case and Principal Defenses**

**a.   Plaintiff's Description of the Nature of the Case**

Plaintiff was employed by NYC Health + Hospitals Corporation ("H+H"), located at 50 Water Street, New York, New York, as the Associate Executive Director of H+H's At-Home Division from in or around September 2017, to August 31, 2021. On or around March 9, 2021, at Plaintiff's request supported by documents from her primary care physician, H+H approved medical leave pursuant to the Family and Medical Leave Act ("FMLA") of 1993 that spanned from March 9, 2021, to June 11, 2021. This leave was approved following her work in response to the outbreak of the Covid-19 pandemic in New York City, from April 2020 to January 2021, during which Plaintiff was responsible for the operation of a hotel isolation program that required her to routinely work as many as 100 hours per week.

On May 4, 2021, Plaintiff suffered a concussion when she injured herself in a bike riding accident. The concussion that Plaintiff suffered caused her to experience severe headaches, blurred and double vision, and unbalanced coordination. Ultimately, H+H granted an extended medical leave for Plaintiff, which expired on August 9, 2021. Unfortunately, on August 6, 2021, Plaintiff was in a jet skiing accident, which resulted in a significant and gruesome injury to her left leg/knee. On August 8, 2021, Plaintiff sent an email to her direct supervisor at H+H, Nicole Jordan-Martin, informing her of the accident and injury and requesting a reasonable accommodation to telecommute until she was able to walk. On August 13, 2022, Plaintiff provided Marrazo with a letter dated August 9, 2021, from Dr. Daniel P. Feghhi, an Orthopedic Surgeon. The letter explained that Plaintiff sustained a significant injury to her knee and detailed the medical procedures performed to treat the injury. The letter additionally explained that Plaintiff's left knee was immobilized to allow for healing to occur, making it impossible to bend her knee, presenting significant challenges to walking and navigating to and from work sites. It further requested that

1

H+H provide her with the necessary accommodations while she progresses through the healing process.

On August 27, 2021, Marrazzo sent correspondence to Plaintiff that the EEO reviewed her request for an accommodation to work remotely based upon her disability and denied it, providing only that it was "unreasonable and/or poses an undue hardship." The letter neither stated how the request was unreasonable nor explained how it posed an undue hardship. The letter also failed to further engage in the interactive process and cooperative dialogue required under the law because it simply provided an ultimatum to Plaintiff that she return to work on Monday, August 30, 2021, or be terminated from her job. On August 31, 2021, H+H provided Plaintiff with a termination letter stating that because she was not "eligible for any other leave and have been deemed unfit to perform the essential functions of your job with or without reasonable accommodation," her employment was terminated effective that date.

### b.     Defendant's Description of the Principal Defenses

Defendant asserts that its conduct and employment actions were reasonable, proper, lawful, constitutional, made in good faith for non-discriminatory and non-retaliatory, legitimate business reasons and without malice or without willful intent to violate any applicable law, rule, or regulation. Defendant's principle defenses are as follows: (1) Defendant engaged in an interactive process and a cooperative dialogue with Plaintiff prior to denying her requests for accommodation; (2) Plaintiff was unable to satisfy the essential requisites of the job with a reasonable accommodation; (3) Defendant denied Plaintiff's requests for an accommodation because the proposed accommodations posed an undue hardship; and (4) Defendant had legitimate business reasons for terminating Plaintiff's employment.

## II.    Motions

There are no outstanding motions. At the close of discovery, Plaintiff and Defendant will evaluate whether a motion for summary judgment is appropriate.

## III.   Settlement

After the commencement of this action, the parties participated in a mediation through the Southern District's mediation program, but were not successful in resolving the action.

Attached is the proposed Case Management Plan and Scheduling Order.

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| /s/ Jeffrey R. Maguire | /s/ Dominique Anglade |
| Jeffrey R. Maguire | Dominique Anglade |
| Attorney for Plaintiff | Attorney for Defendant |
| Stevenson Marino LLP | New York City Law Department |

The Court is in receipt of the parties' above joint letter and proposed case management plan.  (Dkt. #14).  In light of the representations in the parties' letter, the initial pretrial conference scheduled to take place on April 25, 2023, is hereby **ADJOURNED** *sine die*.  The parties' case management plan will issue under separate cover.

The Clerk of Court is directed to terminate the pending motion at docket entry 14.

Dated:    April 21, 2023             SO ORDERED.
          New York, New York

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE